UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BEN GYADU,   :
   :
    Plaintiff,   :
   :
v.   :   CASE NO. 3:00CV1564 (RNC)
   :
JAMES WALSH, in his   :
individual capacity, or the   :
current tax collector, in his   :
individual capacity,   :
   :
    Defendant.   :

RECOMMENDED RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

In June 2000, the plaintiff, Ben Gyadu, proceeding pro se and in forma pauperis commenced this action pursuant to 42 U.S.C. § 1983 against the defendant, James Walsh, the Tax Collector for the City of Waterbury. The plaintiff alleges that the defendant unreasonably denied his request for payment arrangements of the plaintiff's outstanding property taxes. Pending before the court are the parties' cross-motions for summary judgment.[1] (Docs. ##41, 50.) For the reasons set forth below, the court recommends that the defendant's motion for summary judgment be GRANTED and the plaintiff's motion for summary judgment be DENIED.

I.   Factual Background

The plaintiff owes the city of Waterbury property taxes on his automobile. As a result of these unpaid taxes, he is unable to

---

[1] Chief Robert N. Chatigny referred the motions to the undersigned for a recommended ruling. See docs. ##47, 51.

register his vehicle. He states that he needs transportation for his rehabilitation activities and to seek employment. The plaintiff states that he needs a payment "arrangement" with the defendant to obtain a release of his taxes so that he may register and operate his vehicle. Conn. Gen. Stat. § 12-124 provides that a municipality may, in its discretion, abate property taxes.[2] According to the plaintiff, the defendant has refused to give the plaintiff a release until he pays his back taxes. The plaintiff made at least one request to the Board of Aldermen for an arrangement to pay his back taxes but the Board of Aldermen denied his request. The plaintiff complains that as a result of his outstanding taxes, he can neither use nor dispose of his property, thereby compounding his financial difficulties. He further alleges that the defendant's conduct has caused him to suffer loss of income and emotional stress. In addition, the condition of his vehicle has deteriorated. The plaintiff alleges that the

---

[2]Conn. Gen. Stat. § 12-124 provides:

Abatement of taxes and interest.

The selectmen of towns, the mayor and aldermen of cities, the warden and burgesses of boroughs and the committees of other communities may abate the taxes, or the interest on delinquent taxes, or both, assessed by their respective communities upon such persons as are poor and unable to pay the same or upon railroad companies in bankruptcy reorganization, and shall present to each annual meeting of their respective communities a list of all persons whose taxes, or the interest on whose taxes, they have abated in the preceding year.

defendant's refusal to grant him a tax release violates his constitutional rights. He seeks as relief repair of his vehicle, compensatory and punitive damages, costs incurred in the filing of this suit and a tax release so that he can register the vehicle.

II. Legal Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the burden of demonstrating that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In a pro se case, the court must view the submissions by a more lenient standard than that accorded to "formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)(a court is to read a pro se party's "supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest").

III. Discussion

The plaintiff alleges that the defendant's failure to grant him a tax abatement or release deprives him of property -- i.e., his automobile -- in violation of the Fourteenth Amendment.

The plaintiff's claim fails. Failure to grant the plaintiff's

request for tax relief simply does not rise to a deprivation of a federal constitutional right.[3] The plaintiff's citation of Conn. Gen. Stat. § 12-124 does not alter the outcome. As noted, the statute reflects that the City of Waterbury may, in its discretion, abate property taxes. The existence of the statute does not transform the denial of the plaintiff's request into a constitutional violation. In other words, the plaintiff does not have a right under the federal Constitution to a tax release.

IV. Conclusion

For these reasons, the court recommends that the defendant's motion for summary judgment be GRANTED (doc. #41) and the plaintiff's motion be DENIED (doc. #50).

Either party may seek the district court's review of this recommendation. See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within ten days

---

[3]In addition, the court notes that the principle of comity precludes cases brought by taxpayers challenging a state's tax administration. See Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 107 (1981) ("the principle of comity bars federal courts from granting damages relief" provided that "plain adequate and complete remedies exist at state law."); Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428, 431 (2d Cir. 1989) ("While it is the Tax Injunction Act that prevents federal courts from giving injunctive relief or declaratory relief, as long as there is a plain, speedy and efficient remedy in state court, it is the principle of comity that prevents a taxpayer from seeking damages in a § 1983 action if a plain, adequate, and complete remedy may be had in state court." (internal citations omitted)); Kraebel v. New York City Dep't of Hous. Pres. & Dev., 959 F.2d 395, 399-400 (2d Cir. 1992) (holding that plaintiff's claim against the city for improper administration of a tax program was barred by the principle of comity).

after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992)(failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

Dated at Hartford, Connecticut this 5th day of December, 2003.



Donna F. Martinez
United States Magistrate Judge