The U.S. District Court,

**FILED**

2004 JAN 27 P 1:50

45 U.S. DISTRICT COURT
Main Street
HARTFORD, CT.

Hartford, CT 06103

Date: 19ᵗʰ Jan., 2004

Doc. #: 3:00-CV-01564(RNC)
BBN-GYASU Vs JAMES WALSH

       The plaintiff provides the
attached Motion for Review/Re-Consideration,
having been unable to obtain Counsel
within the time the Court gratefully
granted the plaintiff to file the Motion
for Review/Re-Consideration
       Potential Lawyers have been demand-
ing a retainer of between $5,000 and $10,000

Page 2

The Indigent plaintiff however does not have that kind of money due to the consequencies of his work injury and problems of his Workers' Compensation Claims -

Thank you

Respectfully Submitted

BEN· GYASU,

P. O. BOX 4314,

WATERBURY, CT 06704

The U.S. District Court,

450 Main Street           ,

Hartford, CT 06103

Date: 19th Jan., 2004

BEN. GYASU Vs JAMES WALSH
DOC.#: 3:00 - CV - 01564 (RNC)


MOTION FOR REVIEW/RE-CONSIDERATION
BY U.S. MAGISTRATE JUDGE MARTINEZ
TO SET ASIDE ON VOIDNESS GROUNDS THE
ORDER DATED THE 5TH DEC, 2003

The plaintiff humbly requests

that the U.S. Magistrate Judge, Donna

Martinez, reviews critically the Courts

Order dated the 5th Dec., 2003 and Set It

Page 2

Aside as VOID accordingly, to prevent the eminent resultant manifest Injustices which would otherwise be meted upon the plaintiff

RULING NEEDS TO BE REVIEWED TO ··SET IT ASIDE ON VOIDNESS GROUNDS TO PREVENT SUBJECTING THE PLAINTIFF TO THE CONSEQUENCIES OF CLEAR ERROR OF LAW AND MANIFEST INJUSTICES

The U.S. Court of appeals, 2ND Circuit, has stated that as much as reconsideration is granted only under strict and limited conditions, it is appropriate under the

Page 3

following: "an intervening change in controlling law, new evidence, or the need to correct a clear error of law or to prevent manifest injustice" United States Vs Sanchez, 35 F. 3d 673, 677 (2d Cir. 1994) The Courts Ruling must therefore be reviewed. As much as the Court declares that Summary Judgement shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits - - - Show that there is no genuine issue as to any material fact and that the moving

Page 4

party is entitled to a judgement as a matter of law", and therefore Summary Judgement shall not be granted while there exist genuine issues as to any material fact, the Court granted the defendant's Summary Judgement over

(a) the disputed errorneous mathematical claims that were presented for payment, subjecting the indigent plaintiff to the payment of disputed claims (b) the alleged fraudulent figures such as interest and penalties

Page 5

levied upon the indigent plaintiff especially

those levied upon the plaintiff during

the pendency of the action, subjecting

the indigent plaintiff to the payment of

those fraudulent bills

and thereby compounding the plaintiff's

problems which made it compelling for

plaintiff to institute the action, pro se,

in the first place

(c) the mistakes

the defendant made in calculating

the bill which the defendant admitted

to but stated it was a mistake that

originated from the assessors office, again,

Page 6

subjecting the indigent plaintiff to the payment of such a bill and thereby Complicating the plaintiff's problems and making it impossible for plaintiff to over-come the Consequencies of his work injury to get back on his feet

(d) the defendants

MALICIOUS, DECEPTIVE, DIS-HONEST CALLOUS Act by which the defendant subjected the plaintiff to painful run-arounds in plaintiff's demands for a Copy of the Statute, just to make sure that the plaintiff does not get a

Page 7

Copy of the Statute so that the defend-
ants Summary Judgement Could be filed to
MIS-LEAD the Court to achieve the
Ruling sought, as it did occur, and yet
had it not been the Courts act which
granted the plaintiff's Motion To Compel,
the plaintiff would never have had a
Copy of the Statute which is CRITICAL
to the Motion For Summary Judgement

(e) The plaintiff's pending
demands in his Motion For A Stay dated
the 11th May, 2003, in which the plaintiff

Page 8

demanded that all proceedings on the

defendants Motion For Summary Judgement

be stayed to allow a resolution of the

issues of the pending motions and so had

the Court allowed a resolution of the issues

of the pending motions, the Court would

not only have discovered that the

defendants Motion For Summary Judgement

was FRIVOLEOUS but the Court would

also have discovered that, all the run-

arounds the defendant subjected the

plaintiff to in providing the plaintiff with

Page 9

a copy of the Statute, were intended to conceal the Statute from the plain-tiff, knowing that the indigent plaintiff's entitlement to a waiver of taxes under the law would NULLIFY the Motion For Summary Judgement and with that the Court would have declared the Motion For Summary Judgement, DECEPTIVE and FRAUDULENT intended to MIS-LEAD the Court, and therefore the Motion For Summary Judgement would have been DENIED FORTHWITH

(f) the plaintiff's Objection

Page 10

to the Motion for Summary Judgement
which is still pending when infact a
Consideration of the Objection would have
revealed that the Motion For Summary
Judgement was FRIVOLEOUS, DECEPTIVE,
FRAUDULENT to warrant denying it.
(g)     the plaintiff's demands that the
defendants Motion For Summary Judgement
should not have been filed white the defend-
ant was yet to provide the plaintiff with a
copy of the statute which is critical to
the whole case

Page 11

DEPRIVATION OF DUE PROCESS AND EQUAL
PROTECTION OF LAWS

From the above, the following
could validly be discovered

1. The Court granted the Motion For Summary Judgement
without affording the INDIGENT, PRO SE
plaintiff a chance before a third
party such as the Court let alone
"the mayor and aldermen" of the city
of Waterbury to determine whether or not
the INDIGENT plaintiff is entitled to
waiver of taxes under Conn. Gen. Stat Sec. 12-124
Hence the Court granted

Page 13

pro se plaintiff with a copy of the Controlling Law, Counsel's DECEPTIVE, FRAUDULENT Motion For Summary Judgement filed to MIS-LEAD the Court to achieve the desired outcome, as it did occur, would NEVER have been granted while denying rather the INDIGENT plaintiff's Motion For Summary Judgement which, according to the provisions of the Controlling and the financial status of the plaintiff as an Indigent litigant, should have been granted forthwith.

The Court's action, therefore

Page 14

not only deprives the INDIGENT, PRO SE plaintiff a DUE PROCESS under the law but the Courts action equally deprives the plaintiff an Equal Protection Of Laws without which the defendants' frivolous and BAD-FAITH Motion For Summary Judgement could not lawfully have been filed let alone evaluating it and granting     It was as if (i) there was no incident about providing the plaintiff with a copy of the Statute (ii) the plaintiff was provided with a copy

Page 15

of the Statute before Counsel filed
the Motion For Summary Judgement
whose issues are Controlled by the Statute
and so it was concealed from the plaint-
iff so that the DECEPTIVE Motion
For Summary Judgement could be filed to
MIS-LEAD the Court to achieve the Ruling
sought, as it did occur, at the expense of plaintiff,
in                                , and had it not
been the plaintiff's Motion To Compel which
the Court granted to Compel the defendant
to provide the plaintiff with a Copy of
the Statute, the pro se plaintiff would