Page 16

never have known that there exist a law that entitles him to a waiver of the taxes, ligitimate or otherwise (iii) the INDIGENT plaintiff had a chance before a third party such as the Court or "the mayor and aldermen" of the City of Waterbury to argue his entitlement to a waiver of the taxes under the Statute he did not know anything about until <u>after the</u> DECEPTIVE, FRAUDULENT Motion For Summary Judgement had been filed the U.S. Supreme Court

Page 17

held: "If the State Legislature pass a law discriminating against any portion of its citizens, or if it fails to enact provisions equally applicable to every class for the protection of their person and property, it will be admitted that the State does not afford the equal protection. But if the statutes show no discrimination, yet in its judicial tribunals one class is unable to secure that enforcement of their rights and punishment for their infraction which is

Page 18

accorded to another, or if secret combinations of men are allowed by the Executive to band together to deprive one class of citizens of their legal rights without a proper effort to discover, detect, and punish the violations of law and order, the State has not afforded to all its citizens the equal protection of the laws." Monroe Vs Pape, 81 S. Ct 473 (1961) at 478

Under Cleveland Board Of Educ. Vs Loudermill the U.S. Supreme Court held: The

Page 19

point is straightforward: the Due Process Clause provides that certain substantive rights — life, liberty, and property — cannot be deprived except pursuant to constitutionally adequate procedures. The categories of substance and procedure are distinct. Were the rule otherwise, the Clause would be reduced to a mere tautology - - - - - - -

- - - - - - - - - The right to due process is conferred not by legislative grace but by Constitutional guarantee." Cleveland Board Of Educ. Vs Loudermill, 470 U.S 532 (1985)

Page 21

admissions on file, together with the affidavits — — — — — — — — show that there is genuine issue as to any material fact and therefore the moving party is not entitled to a judgement as a matter of law, the Court granted the Summary Judgement which, if the Court had given a chance to resolve the issues of the pending motions, as the plaintiff requested in the Motion For A Stay, the Court would have discovered that for as long as the claims are in

Page 22

DISPUTE and the INDIGENT plaintiff did not even have a chance to argue his eligibility under the law before a fact finder, such as the Court and even the mayor and the aldermen as the law requires and further the Motion For Summary Judgement was even filed <u>before</u> the pro se plaintiff had a chance, through a Court Order, to receive a copy of the controlling law, <u>there exist not only</u> genuine issues to material facts of the case that should be resolved by a fact

finder <u>but also a fraudulent maneuvre</u> by the defendant to <u>MIS-LEAD</u> the Court to deprive the plaintiff of justice due him, and with that the Court would have DENIED the Motion for Summary Judgement forthwith and the plaintiff's Motion For Summary which is backed by the law would have been granted

As it would clearly be discovered the Court's action was inconsistent with the Due Process Of Law and it

Page 24

deprived the pro se, Indigent plaintiff the Due Process Of Law, without which the Summary Judgement of the defendant would never have been granted while denying rather the plaintiff's Motion For Summary Judgement which is backed by the controlling The Court's action which granted the defendant's Motion For Summary Judgement is therefore VOID and must be Set Aside accordingly

A judgement is not void merely because it is errorneous. It is void only

Page 25

if the Court that rendered judgement lacked jurisdiction of the subject matter, or of the parties, or if the Court acted in a manner inconsistent with due process of law" Please, see 11 C. Wright and A. Miller, Federal Practice and Procedure Section 2862 at 198-200 (1973) and cases cited therein. Please, see also IN RE CENTRE WHOLESALE, INC., U.S. Court of Appeals, 9TH Circuit, 759 F. 2d 1440 (1985) at 1448

D. DEPRIVATION OF DUE PROCESS OF NOTICE WITHOUT WHICH THE SUMMARY JUDGEMENT WOULD NEVER HAVE BEEN GRANTED

The Court did not afford the pro se

Page 26

plaintiff a chance to resolve the issues of his Motion For A Stay, as the pro se plaintiff requested in the Motion for A Stay, rendering the purpose of the motion useless.

Infact the pro se plaintiff did not receive the notice of the Courts' action dated the 13th Nov., 2003 let alone respond to it until the time he received the notice of the Courts order dated the 5th Dec., '03 that granted the defendants Motion For Summary Judgement as the notice was enclosed in the same envelope of the Notice of the Courts' Order

Page 27

that granted the defendants' Motion For Summary Judgement

Had the Court, however, afforded the pro se plaintiff a chance to receive the and file his response to it, the issues that had to be resolved before any filing of the defendants' Motion For Summary would have made it abundantly clear that the defendants' Motion For Summary Judgement could not lawfully be filed while the defendant was yet to provide the pro se plaintiff with a copy of the controlling law and with that the defendants' Motion

Page 28

for Summary Judgement would have been declared FRIVOLOUS and DISMISSED accordingly.

The Courts action was therefore in conflict of Due Process Clause of Notice as set forth by the U.S. Supreme Court under Mullane Vs Central Hanover Bank and Trust Co, 339 U.S. 306 (1950) at 314, 70 S.Ct 652 (1950) at 657.

E   PRINCIPLE OF COMITY INAPPLICABLE AS MADE CLEAR BY THE DEFENDANTS REFUSAL TO PROVIDE THE PLAINTIFF WITH A COPY OF THE CONTROLLING LAW UNTIL ORDERED BY THE COURTS ORDER WHICH GRANTED THE MOTION TO COMPEL

E(1)   The plaintiff DOES NOT challenge

Page 29

any State's tax administration, as the Court states. Infact, it is at the face of the State's tax administration in which the Court states that the plaintiff challenges, that there is the provision of the law that allows waiver of taxes against an Indigent individual, such as the plaintiff

The plaintiff DOES NOT challenge this law. He wants his ELIGIBILITY to be determined. The plaintiff did not know anything about the provisions of the law to argue his case before the mayor or the aldermen. The Court's action

Page 30

makes it seem as if the plaintiff knew about the provisions of the law and argued his case with respect to the law before the Board of Aldermen.

If this were the case, the pro se plaintiff would not have demanded a copy of the statute

The aldermen only denied the plaintiff's request for payment arrangements. That was all

E(2) PLAIN ADEQUATE AND COMPLETE REMEDIES DO NOT EXIST AT STATE LAW AND THAT WAS WHY THE DEFENDANT WAS ABLE TO CONCEAL ITS REFUSAL TO PROVIDE THE PLAINTIFF WITH A COPY OF THE LAW UNTIL WAS COMPELLED TO DO SO
AS the plaintiff has been —

Page 31

maintaining, he did not have a chance to argue his eligibility under the law before any fact finder, be it the Court or the mayor or the aldermen to enable the plaintiff make a claim about whether or not there exist plain, adequate and complete remedies at State Law and even if there exist such plain, adequate and complete remedies at State Law, whether the State authorities even make them accessible to those eligible.

From the run-arounds the plaintiff was subjected to in his request for a

Page 32

copy of the statute, however, it could validly be concluded that such remedies do not exist.

E(3) FEDERAL COURTS LESS SUSCEPTIBLE TO STATE PREJUDICES AND THEREFORE BETTER SUITED TO CASES AS THE ONE IN QUESTION

Under Patsy Vs Board Of Regents, 457 at 516 the U.S. Supreme Court stated that Congress intended that individuals who allege that their federal civil rights have been violated would have " immediate access to the federal courts notwithstanding any provision of state law