The U.S. District Court,

450 Main Street,

Hartford, CT 06103

Date: 20TH Febr., 2004

BEN. GYAOU Vs JAMES WALSH OR CURRENT TAX COLLECTOR IN HIS OR HER INDIVIDUAL CAPACITY
Doc. #: 3:00-CV-01564 (RNC)

REQUEST TO FILE COPY OF PLAINTIFF'S MOTION TO COMPEL TO SHOW THE ABUND-ANCE OF EVIDENCE THAT MAKES THE ORDER THAT GRANTED THE DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT INCONSISTENT WITH DUE PROCESS OF LAW AND THUS VOID

The Court by the U.S. Magistra-te Judge, granted the plaintiff's Motion To

Compel upon which Counsel provided the plaintiff with a copy of the Statute which is critical to the Case in question, _after_ pushing or subjecting the plaintiff through all kinds of run-arounds or DECEPTIVE maneuvres in an effort to conceal the Statute from the plaintiff in order to file the Motion for Summary Judgement _without_ the plaintiff's Objection with respect to the law, which the Indigent plaintiff is entitled to, and so the without filing of any Objection of Counsel's Motion for Summ

ary Judgement with respect to the Statute which the Indigent *pro se* plaintiff did not know anything about, would make it abundantly clear that the defendant's Motion For Summary Judgement was DECEPTIVE and hence a BAD-FAITH pleading intended to MIS-LEAD the Court to achieve a desired outcome by DECEPTION, as it did occur, and must therefore be STRIKEN and the relief sought DENIED accordingly with IMMEDIATE effect.

At the last page, i.e. page 7, of the plaintiff's Motion To Compel,

Page 4

The plaintiff requested that the scheduling orders for submitting a Motion for Summary Judgement and for responding to a Motion for Summary Judgement be STAYED pending Counsel's compliance to provide the plaintiff with a copy of the statute.

The plaintiff stated the following at page 7, i.e. the last page, of the Motion To Compel:

"As a result of the unexpected delay in receiving a copy of the statute which the plaintiff was expecting to draw some facts from

Page 5

it in preparing his Summary Judgement Motion and also in responding to whatever Summary Judgement Motion Counsel would submit, plaintiff requests that the scheduling orders for submitting and for responding to an opponents Summary Judgement Motion be adjusted accordingly with respect to when Counsel submits a copy of the alleged Statute to plaintiff."

As it would clearly be discovered, for the Court, by the U.S. Magistrate Judge, to grant the Motion To Compel and

Page 6

thus grant the plaintiff's request for a STAY, as specified, and then grant counsel's Motion for Summary Judgement which was filed while the plaintiff's request for a STAY was still pending and worse

CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the Corporation Counsel, 236 Grand Str., Waterbury, CT 06702

Sincerely,

Ben. Gyadu,

P. O. Box 4314

Waterbury, CT 06704

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**FILED**

2004 MAR -1 P 12: 27

U.S. DISTRICT COURT
HARTFORD, CT.

-----------------------------------------------------x
:
GYADU         :
:
vs.           : Civil No. 3:00CV1564 (RNC)
:
WALSH         :
:
-----------------------------------------------------x

## ORDER RETURNING SUBMISSION

The Clerk has received your <u>Request to File Copy of Plaintiff's Motion to Compel</u> however, it is deficient in the area checked below:

(NOTE: L.R. refers to the Local Rules, District of Connecticut)

1. ✔ L.R.5(b)    ✔ No certificate of service attached to pleading
                 _ Certificate of service fails to list names and addresses of all parties served
                 _ Certificate of service is not signed

2. _ L.R.5(d)    Failure to submit document under seal

3. _ L.R.10      _ Failure to sign pleading (original signature)
                 _ Failure to double space
                 _ Margin is not free of printed matter
                 _ Left hand margin is not one inch
                 _ Judge's initials do not appear after the case number
                 _ Docket number is missing
                 _ Failure to supply federal bar number
                 _ Holes not punched in document

4. _ L.R.68      Failure to file offer of judgment in a sealed envelope

5. _ L.R.83.1(d) Motion to admit pro hac vice must be made by local counsel or member of the bar of this Court

6. _ Other       ___

The Clerk is hereby Ordered to return the above pleading and to notify counsel of such action.

Date: 3/1/04                                    _____
                                                United States District Judge

(MAW)                                                              rev. 1/1/03



The U.S. District Court,
450 Main Street,
Hartford, CT. 06103

Date: 28th Febr., 2003

Ben. Gyadu Vs. James Walsh Or Current Tax Collector - In His Or Her Individual Capacity.

Doc.#: 3:00-CV-01564 (RNC)

## MOTION TO COMPEL

Plaintiff moves to Compel Counsel to provide plaintiff with a copy of the statute which at the court room hearing the plaintiff declared that because, according to the tax collector, it could be used to waive the plaintiff's back taxes, as long as the back taxes

exceed certain percentage of plaintiff's income, the tax collector gave a copy to the Majority leader, Mrs. Laura J. Nesta, to look over that Statute and provide a copy to plaintiff

The plaintiff continued that because Mrs Nesta, as it appeared, did not want to provide the plaintiff with the copy, for whatever reason, she gave the plaintiff a run around but did not provide the copy except taking plaintiff's address over and over again to mail the copy whenever the plaintiff called Mrs Nesta about a copy she said she was mailing to plaintiff but plaintiff did not receive such a copy

As much as the plaintiff elaborated that Mrs Laura Nesta had given him a run around

about providing the plaintiff with a copy of the Statute which, according to the tax collector, could be used to waive the back taxes against the plaintiff and due to that the Court asked Counsel to contact Mrs. Laura Nesta to get a copy of the alleged Statute to plaintiff, Counsel has, however, turned around to mis-interprate that <u>clear and specific Order of the Court</u> just to push the plaintiff through yet another cycle of run-arounds to deny the plaintiff the copy just as what Mrs. Laura Nesta did.

From Counsel's letter to plaintiff dated the 25th Febr., 2003, a copy enclosed, it would be discovered that

the copy of the Statute which the Court asked Counsel to get a copy from Mrs Laura Nesta for plaintiff, "out of the blue", became a form the plaintiff was looking from the tax collector to "Request an Abatement Of Taxes" as the caption of the letter states.

And as much as Counsel declared at the Court room hearing that She was moving for a Summary Judgement because the alleged law because of which the plaintiff could not be given any arrangement to pay the back taxes is very Specific and Inflexible that the plaintiff cannot be allowed any arrangement about the payment

of the back taxes to get a release to renew his registration, counsel all the same expects an arrangement to be made by the Board Of Alderman and so writes: "If you wish to make a request regarding the taxes you owe, it needs to be made by you in writing to the Board Of Alderman."

These kinds of run-arounds meted upon the plaintiff by the authorities for no apparent reason, whatsoever, other than an effort to use any means possible, under the disguise of the state law, to deprive the plaintiff a chance and a means by which he could have transportation for job search activities to get a job and get back on his feet, are UNREASONA-

Page 5

BLE, DECEPTIVE, SELF-DEFEATING in violation of Due Process, causing plaintiff resultant undeserved Irreparable damages and making it almost impossible for plaintiff to get a job within his physical limitations to get back on his feet.

Plaintiff prays the Court would not allow these kinds of deceptive and bad-faith acts to continue to deprive the plaintiff of his Constitutional rights under Color of State law and that Counsel would be Compelled to collect from Mrs Laura Nesta for plaintiff the copy of the Statute which, according to the tax collector could be used to waive the back taxes

against plaintiff

As a result of the unexpected delay in receiving a copy of the statute which plaintiff was expecting to draw some facts from it in preparing his Summary Judgement Motion and also in responding to what-ever Summary Judgement Motion Counsel would submit, plaintiff requests that the scheduling orders for submitting and for responding to an opponents Summary Judgement Motion be adjusted accordingly with respect to when Counsel submits a copy of the alleged statute to plaintiff

Respectfully submitted
Ben. Gyadu
P.O. Box 4314,
Waterbury, CT. 06704



**THERESA A. CALDARONE**
CORPORATION COUNSEL

**PETER ABARE BROWN**
ASSISTANT CORPORATION COUNSEL

OFFICE OF THE CORPORATION COUNSEL
# THE CITY OF WATERBURY
CONNECTICUT

February 25, 2003

Mr. Ben Gyadu
P.O. Box 4314
Waterbury, CT 06704

**RE: Your Request for a Form to Request an Abatement of Taxes**

Dear Mr. Gyadu:

    This letter serves as a response to your request at court for a form to submit to request an abatement of your taxes owed to the City of Waterbury. There is no form to fill out that I am aware of and I did check with the tax collector and confirmed that she has no such form. If you wish to make a request regarding the taxes you owe, it needs to be made by you in writing to the Board of Alderman.

                             Sincerely,

                             Elaine M. Skoronski
                             Attorney, Corporation Counsel's Office

EMS/cm
gyadu/letters\legatt33