The U.S. District Court,

450 Main Street

Hartford, CT 06103

Date: 29th Apr., 2004

Doc #: 3:00-CV-01564 (RNC)
BEN. GYADU Vs JAMES WALSH

PLAINTIFF'S MEMORANDUM IN SUPPORT
OF MOTION TO STRIKE

The Indigent, Pro Se plaintiff was compelled to institute the action in question as a result of the defendants unreasonable refusal to enter into any payment arrangement which would

Page M(2)

enable the plaintiff to pay his back taxes

The plaintiff suffered a very serious injury while working and as a result lost his work, profession, health, income and due to that fell behind the payment of his taxes when the Insurance Carrier of the plaintiff's former employer abruptly stopped the payment of the plaintiff's Workers' Compensation weekly income against the provisions of Sec. 31-296 of the CT Gen. Statute Annotated, causing the injured plaintiff to lose even the only means for

Page M(3)

his basic subsistence and making it prudent and compelling to seek some payment arrangement commensurate with the defendant to enable the plaintiff to pay his back taxes

When the defendant unreasonably refused to make any payment arrangement with the plaintiff to enable the plaintiff to pay his back taxes and due to that the plaintiff could not register his car and so did not have any transportation for his rehabilitation activities, e.g. hearings,

Page M(4)

classes, job searches, job interviews, and as a result his efforts to get back on his feet were also being taken away from him unreasonably and callously, ruining his life at an unprecedented rate while he looks on, helpless, the plaintiff did not have any choice but to institute the action in question

Counsel moved for an ill-conceived Summary Judgement as explained under the Motion To Re-Open. The Court by the U.S. Magistrate Martinez granted this Motion

Page M(5)

in violation of Due Process and Equal Protection of Laws, to the utter shock and surprise of plaintiff as explained under the Motion To Re-Open

For example under Sub-section B of the "Motion To Open" captioned "The Magistrates Void Ruling", the plaintiff elaborated some of the compelling reasons that warrant setting aside the Re-Commended Ruling as VOID for a violation of Due Process and Equal Protection Of Laws.

Counsel's Objection, which is supposed to put forth the reasons against the facts presented by the plaintiff in

Page M(6)

Support of the Motion To Open, does not provide anything whatsoever against the plaintiff's reasons that make it compelling to open the case to allow justice to take its course

Instead counsel puts forth concocted stories and allegations plus BALD claims intended just to MIS-LEAD the court to achieve the desired outcome at the expense of the plaintiff, in violation of GOOD-FAITH pleading.

Counsel, for example, alleges at the very first paragraph that the plaintiff "claims that he

Page M(7)

should not have to pay his car taxes in order to get his car registered"

There is nowhere in the complaint that the plaintiff alleges that "he should not have to pay his car taxes in order to get his car registered"

As it would clearly be discovered the plaintiff could not claim that he should not have to pay his car taxes in order to get his car registered while at the same time the very plaintiff is seeking some payment arrangement that would enable the plaintiff to pay the taxes

Counsel concocted that

Page M(8)

claim just to MIS-LEAD the Court to achieve the desired outcome and defraud plaintiff of justice due him, in violation of Rules of GOOD-FAITH pleading.

As another example, Counsel puts forth at Section 2 of the Objection a BALD claim without anything in support of the claim just to attempt to MIS-LEAD the Court to achieve the desired ruling at the expense of the plaintiff.

Counsel states:

The plaintiff seeks to have motions heard over and over and raises similar arguments each time which have no

Page M(9)

support in law or in fact and have been rejected repeatedly by the Court"
     Counsel does not, however, state which motions in question for any reference that might be needed nor does he state how the plaintiff seeks to have those motions heard over and over with the same argument, as he puts it.
     Counsel makes similar BALD claims in sections 4 and 5 just to, as usual, MIS-LEAD the Court to defraud the plaintiff of justice due him.
     This is not to mention the fact that Counsel DELIBERATELY added the

City of Waterbury as a defendant, for the gain of Counsel when the action does not have the City of Waterbury as a defendant

Counsels BAD-FAITH Objection to Motion To Open is therefore legally insufficient and must be STRIKEN accordingly

## CONCLUSION

Based upon all the above, the plaintiff prays Counsels Objection to motion to Open would be STRIKEN as legally insufficient and the relief sought denied accordingly.

Respectfully Submitted
BEN. GY ASH (态势:) P.O. BOX 4314 Waterbury
CT 06704

CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the Corporation Counsel, 236 Grand St., Waterbury, CT 06702

Sincerely,

BEN· GYASU (P.of C.),

P.O. BOX 4314,

Waterbury, CT 06702.