The U.S. District Court,

450 Main Str.

Hartford, CT 06670

Date: 12th Nov, 2004

BEN. GYABU Vs JAMES WALSH
Doc. #: 3:00-CV-01564 (RNC)


MOTION FOR RECONSIDERATION

The plaintiff initially moved for a Review of the U.S. Magistrates recommended ruling by the U.S. Magistrate since (i) the U.S. Magistrate is the lower Court of the case in question and the one more familiar with the issues of the Motion For Summary

Page 2

Judgement than the upper court or the U.S. District Court Judge and therefore the one to review in the first instance the recommended ruling and make any necessary corrections before the upper court or the district court Judge intervenes, if there exist a need to do so after that review and (iii) there was no oral argument

The pro se plaintiff found this as in conformity with the provisions of Supreme Court Rule 23.3 which provides that an application for a stay pending review in the Supreme Court must " set out with particularity why the relief sought

Page 3

is not available from any other court or judge."

The upper court or the U.S. District Courts' action which affirmed the lower court or the U.S. Magistrates recommended ruling did not, however, allow the U.S. Magistrate to review the ruling that was entered by the Magistrate who was therefore more familiar with not only the recommended ruling but also the issues and rulings that preceded the recommended ruling and therefore should play part of the recommended ruling. In denying

Page 4

the Motion To Open, the District Court states that: " Plaintiff merely re-state arguments that the court rejected in granting Summary Judgement"

The plaintiff moved for a review of the U.S. Magistrate's order by the U.S. Magistrate who entered the ruling or granted the Motion for Summary Judgement without a consideration of the very arguments which the District court alleges the plaintiff re-states

In that way the plaintiff expected the Magistrate to

Page 5

determine whether or not the Motion for
Summary Judgement should even have been
allowed for an evaluation let alone been
granted

                    The District Courts action
which, instead of allowing the U.S. Magistrate
to review the Motion for Reconsideration,
affirmed the U.S. Magistrates ruling without
allowing the Magistrate to review the argum-
ents raised in the Motion for Re-consideration,
as the plaintiff requested, did not therefore
allow the Magistrate to determine whether or
not the arguments raised against the granting

Page 6

of the Motion for Summary Judgement without any consideration of those arguments which should have been considered before granting the Motion for Summary Judgement, warrant setting Aside the granting of the Motion for Summary Judgement

The Following Would Make It Abundantly Clear That (A) The Magistrate Granted The Motion For Summary Judgement Without Considering Any Of The Arguments Raised In The Motion For Re-consideration (B) Contrary To The District Court's statement That the "Plaintiff Merely Re-state Arguments That The Court Rejected In Granting Summary Judgement" The Plaintiff did Not Because Those Arguments Were Not Even Raised Before The Magistrate To Be Part Of The Magistrate's Considerations In

Page 7

Granting The Motion For Summary Judgement,
To Begin With

(1)  There Was No Oral Argument Held Before
The Magistrate With Respect To The Motion For
Summary Judgement To Raise Any Of Those
Arguments Which The District Court States The
Magistrate Rejected Them In Granting The Motion
For Summary Judgement

(2)  Pending At The Court Is The Plaintiff's
Objection To The Motion For Summary Judge —
ment Which Is Yet To Be Acted Upon By
The U.S. Magistrate, Making It Abundantly

Page 8

Clear That The U.S. Magistrate Did Not Reject

Any Of Plaintiff's Arguments In Granting The

Motion For Summary Judgement, Contrary To The

Reasons Upon Which The U.S. District Court Denied

The Plaintiff's Motion To Open, And Therefore

The District Court's Action In Denying The

Motion To Open Was In Grevious Error

5   Because The District Court Affirmed The

Magistrate's Ruling Without Allowing The Magistrate

To Review The Motion For Re-Consideration, Even Though

The Plaintiff Stated Specifically That The Magistrate

Reviews The Motion  And Set Aside On Voidness

Page 9

Grounds The Order Dated The 5th Dec., 2003",

The U.S. Magistrate Could Not Review The

Plaintiff's Arguments Raised In The Motion For

Re-Consideration To Determine Whether Or Not

The Judgement Entered Against The Plaintiff

Should Be Set Aside As Void

      The U.S. Magistrate granted the

plaintiff's request that the Motion For Summary

Judgement should not be filed until (i) the

defendant provides the plaintiff with a copy of

the alleged State Law (ii) the court issues a

new scheduling order for filing the Motion For

Summary Judgement. The U.S Magistrate, however,

Page 10

granted the defendant's Motion For Summary Judgement
which was filed while the (a) defendant had not
provided the plaintiff with a copy of the alleged
Statute and (b) the U.S. Magistrate had not issued
any new Scheduling order for filing the
Motion For Summary Judgement

As it would clearly be discovered
the filing of Counsel's Motion For Summary
Judgement was UNTIMELY. Hence the Court
did not have Subject Matter jurisdiction of the
action to evaluate it and enter the ruling
and therefore the Magistrate's ruling was
VOID to warrant setting it aside accordingly

Page 11

Additionally, the Court's contradictory and inconsistent action, was in violation of due Process Of law. Hence the judgement was, again, VOID.

4  The plaintiff declared he was deprived a due Process Of Notice without which the Magistrate would not have allowed the filing of the Motion For Summary Judgement let alone the granting of the motion

Plaintiff declared that he   was not afforded a chance to respond to the Court's action on his Motion For A Stay because the

Page 12

notice was enclosed in the same envelope
of the notice of the granting of the Motion
for Summary Judgement

Consequently the
issues which should have been resolved before
any filing of the Motion for Summary Judgement
were not addressed to stress the point that
the motion for summary judgement should not
have been filed while (a) counsel had not provided
the plaintiff with a copy of the alleged statute
(b) the court had not issued a NEW scheduling
order for filing the Motion for Summary Judgement
and therefore the motion was premature and thus

Page 14

allowed the filing of the Motion For Summary

Judgement let alone the granting of the

Motion For Summary Judgement

The U.S. Supreme Court set forth the due

process requirements for notice in Mullane

Vs Central Hanover Bank and Trust Co., 339

U.S. 306, 70 S. Ct 652, 94 L. Ed. 865 (1950)

The Supreme Court declared:

An elementary

and fundamental requirement of due process

in any proceeding which is to be accorded

finality is notice reasonably calculated,

under all the circumstances, to apprise

Page 15

interested parties of the pendency of the
action and to afford them an opportunity to
present their objections. The notice must
be of such nature as reasonably to convey
the required information. . . . and it
must afford a reasonable time for those
interested to make their appearance"
Id at 314, 70 S. Ct at 657

The plaintiff was not afforded
an opportunity to present his objection to
the action the Court took on the Motion for
A Stay. Had the plaintiff had a chance to
present his objection, it would have been

Page 16

abundantly clear to the Court that

because (a) Counsel did not provide a

copy of the alleged Statute to plaintiff

before she filed the motion (b) the Magistrate

did not issue any      NEW scheduling

order, the motion was premature, UNTIMELY,

and therefore the Court did not have the

Subject Matter Jurisdiction to review the

motion let alone to grant it

        The judgement against plaintiff

was therefore VOID and must be set Aside

accordingly

        Additionally, it would

be discovered that contrary to the District

Page 17

Courts reasons for denying the plaintiff's
Motion To Open, the above argument that
the plaintiff was deprived a Due Process
of Notice without which the Motion For
Summary Judgement would not have been
reviewed (let alone been granted, was not
rejected by the Magistrate in granting the
Motion For Summary Judgement and therefore
that argument was not an argument that
the U.S. Magistrate "rejected in granting
Summary Judgement."

                    Infact, as plaintiff
declared, the notice of the Magistrates action

Page 18

on the Motion For A Stay and the notice
of the granting of the defendant's Motion
For Summary Judgement were mailed to
plaintiff at the same time in one
envelope, confirming the fact that contrary
to the District Court's reasons upon which the
U.S. District Court denied the Motion To
Open, the U.S. Magistrate did not reject
any of the arguments raised in the Motion
To Open in granting the Motion For Summary
Judgement because those alleged arguments
were in response to (1) the delay in mailing
the notice of the Magistrate's action on the

Page 19

Motion For A Stay without which, as explained above, the Magistrate would not have allowed even the filing of the Motion For Summary Judgement to mis-lead the Magistrate to grant it, as it did occur

ii)    the granting of the Motion For Summary Judgement

Hence the reasons upon which the U.S. District Court denied the Motion To Open were in grevious error

Plaintiff therefore prays the Case would be Open to allow justice to take its Course and prevent the eminent

Page 20

MANIFEST INJUSTICES which would

otherwise be meted upon the pro se

plaintiff

5  The U.S. District Court Over-looked The Fact
That The Magistrate Changed The Subject
Matter Of The Action And In The Process
Made It Possible to Grant The Motion For
Summary Judgement Upon The Argument
That Was Provided With Respect To The Wrong
Subject Matter Of The Action

The plaintiff instituted

the action in question when the defendant

unreasonably refused to make any

payment arrangements with the Indigent

Page 21

plaintiff to enable him to pay his back taxes

The Magistrate correctly put forth the subject matter of the action at the front page of the recommended ruling as ff:

" The plaintiff alleges that the defendant unreasonably denied his request for payment arrangements of the plaintiff's outstanding property taxes "

In order to grant the defendants' Motion for Summary Judgement, however, the Magistrate out of the blue changed the

Page 22

Subject Matter of the action as ff :

"The plaintiff alleges that the
defendants refusal to grant him a tax
release violates his Constitutional rights"

In order for the defendant
to refuse to grant the plaintiff a tax
release, the plaintiff must have repeatedly
applied for it.

The plaintiff, however,
never applied for a tax release for the
defendant to refuse to grant it

For the U.S. Magistrate to change
the Subject Matter Of the Action to make it

Page 23

possible to grant the defendants Motion For Summary Judgement upon arguments that were based upon a subject matter that was arbitrarily chosen by the U.S. Magistrate, the U.S. Magistrate violates the plaintiff's right to a Due Process and grants the Motion For Summary Judgement in violation of Due Process and Equal Protection Of Laws.

The Magistrates alleged action, as it would be disavered, renders the whole recommended Ruling VOID

" A judgement is not

Page 24

void merely because it is erroneous. It is void only if the Court that rendered judgement lacked jurisdiction of the subject matter, or of the parties, or if the Court acted in a manner inconsistent with due process of law"

Please, see 11 C. Wright v Miller, Federal Practice and Procedure Section 2862 at 198 - 200 (1978) and cases cited therein.

The plaintiff prays the U.S. District Court would protect the plaintiff's right to a due process and Equal Protection Of laws to prevent the plaintiff from losing his action by a VOID

Page 25

judgement, as alleged .

6    The U.S. District Over-looked The Fact That
The Magistrates Action Deprives The Indigent
Plaintiff A Chance Under The Alleged Statute
To Seek Waiver Of The Taxes Against Him Before
The Board Of Aldermen, The Mayor Or Even
The Court, In Violation Of Due Process Of Law.


        The U.S. Magistrate entered

the Ruling against the plaintiff without even

allowing the Indigent plaintiff a chance before

the Board Of Aldermen, the Mayor of Waterbury

or even the Magistrate to present his argument

for the waiver of taxes against him, as the

alleged State Statute calls for, and in the process

Page 26

not only deprived the plaintiff of his action,
in violation of Due Process and Equal
Protection Of Laws but also deprived the
Indigent plaintiff Of his right under the
State Law which could be applied to waive
the taxes against the plaintiff but because
the plaintiff did not know anything about
that Statute until the Magistrate compelled
the defendant to provide the plaintiff with a
Copy, he did not apply for the waiver of taxes
against him per the provisions of the State Statute
Sc. 12-124

The U.S. District Court

Page 27

Judge over-looked the Magistrates action whose effect is depriving the Indigent plaintiff his right under the State Statute for the waiver of taxes against him, as alleged, and as a result denied the plaintiff's Motion To Open    upon a reason that "Plaintiff merely restate arguments that the Court rejected in granting Summary judgement" when, as it would be discovered, that was not the case in any measure

The plaintiff prays the Case would be Re-Open to allow a resolution

Page 28

of issues, as the alleged, to prevent the eminent

manifest injustices which would otherwise

be meted upon the pro se plaintiff

7

The District Court Has Over-looked The Magistrate's
Wrongful Application Of The Principle Of Comity
Which Was Made Possible Only After The
Magistrate Changed The Subject Matter Of The
Plaintiff's Action

The Magistrate enters

a ruling against the plaintiff upon the

alleged Principle Of Comity stating that the

plaintiff challenges the state tax administration

The plaintiff's action does not

Page    29

Challenge any tax administration for the

plaintiff to suffer the consequencies of a

judgement that is based upon the plaintiff's

challenge to the States tax administration

The plaintiff would not

Challenge the State tax administration

and at the same    time seek the tax

payment arrangements that would enable

him to pay the back taxes without all the

penalties and interest

The Magistrate entered

a judgement that was based upon the Principle

Of Comity only after the Magistrate changed the

Page 30

Subject Matter Of the action, as alleged, depriving the plaintiff the Due Process and Equal Protection Of Laws .

The U.S. District Court over-looked the Magistrate's action which changed the Subject matter of the plaintiff's action without which the Magistrate could not have entered a judgement that is based upon the Principle Of Comity when that principle is not applicable to the plaintiff's Situation .

against the plaintiff

As it would again be discovered the plaintiff's Motion To Re-Open does not "merely

Page 31

restate arguments that the Court rejected in granting Summary Judgement "

CONCLUSION

Based upon all the above it would be discovered that the plaintiff's Motion TO Open does not merely " restate arguments that the Court rejected in granting Summary Judgement " when (a) there was no Oral Argument before the Magistrate after which the Magistrate entered the judgement against the plaintiff (b) on file is the plaintiff's Objection To The Motion For Summary Judgement which is yet to be acted upon

Page 32

by the U.S. Magistrate (c) the Magistrate

changed the Subject Matter Of The Action

and thereby entered a Ruling that was not

based upon the Subject Matter Of the

action but based upon a Subject matter that was

chosen arbitrarily, subjecting the plaintiff

to the adverse consequencies of a VOID

judgement

Plaintiff prays the Case would

be Open to allow the U.S. Magistrate to

review the Ruling with respect to the

plaintiff's papers that were filed against the

and then
Recommended Ruling, make any necessary

Page 33

changes to the Recommended to prevent the eminent manifest injustices which would Other wise be meted upon the pro se plaintiff

Respectfully Submitted.

BEN GYADU,

P.O. BOX 4314,

Waterbury, CT 06704.

CERTIFICATION

This is to certify that a copy of the fore-going was mailed to Corporation Counsel, 236 Grand Street, Waterbury, CT 06702

Thank you.

Sincerely,

BEN. GYASU

P.O. BOX 4314

Waterbury, CT 06704