Case 3:00-cv-01564-RNC    Document 79    Filed 01/07/2005    Page 1 of 12



The US District Court
450 Main Street
Hartford CT 06103

November 4, 2004

BEN GYADU

VS.

JAMES WALSH

Doc. # 3:00-CV-01564 (RNC)

Motion for Reconsideration

The Plaintiff initially moved for a review of the US Magistrates recommended ruling by the US Magistrate since

   a. the US magistrate is the lower court of the case in question and the one more familiar with the issues of the Motion for Summary Judgment than the upper court or the US District Court Judge and therefore the one to review in the first instance the recommended ruling and make any necessary corrections before the upper court or the District Court Judge intervenes, if there exist a need to do so after that review and

   b. there was no oral argument.

The pro se Plaintiff found this as in conformity with the provisions of the Supreme Court Rule 23.3 which provides that an application for a stay pending review in the Supreme Court must "set out with particularity why the relief sought is not available from any other court or judge".

The upper court or the US District Court's action which affirmed the lower court or the US Magistrate's recommended ruling did not, however, allow the US Magistrate to review the ruling that was entered by the Magistrate, who was

therefore more familiar with not only the recommended ruling but also the issues and rulings that preceded the recommended ruling and therefore should play part of the recommended ruling. In denying the Motion to Open, the District Court states that "The Plaintiff merely re-state arguments that the court rejected in granting Summary Judgment."

The Plaintiff moved for a review of the US Magistrate's order by the US Magistrate who entered the ruling or granted the Motion for Summary Judgment without a consideration of the very arguments which the District Court alleges the Plaintiff re-states.

In that way the Plaintiff expected the Magistrate to determine whether or not the Motion for Summary Judgment should even have been granted.

The District Court's action which instead of allowing the US Magistrate to review the Motion for Reconsideration affirmed the US Magistrates ruling without allowing the Magistrate to review the arguments raised in the Motion for Reconsideration as the Plaintiff requested to determine whether or not the arguments raised against the granting of the Motion for Summary Judgment without any consideration of those arguments which should have been considered before granting the Motion for Summary Judgment, warrant setting aside the granting of the Motion for Summary Judgment.

The following would make it abundantly clear that

    a. the Magistrate granted the Motion for Summary Judgment without considering any of the arguments raised in the Motion for Reconsideration

    b. contrary to the District Court's statement that "the Plaintiff merely re-states arguments that the Court rejected in granting Summary

2

Judgment", the Plaintiff did not because those arguments were not even raised before the Magistrate to be part of the Magistrate's considerations in granting the Motion for Summary Judgment, to begin with

1. There was no oral argument held before the Magistrate with respect to the Motion for Summary Judgment to raise any of those arguments which the District Court states the Magistrate rejected them in granting the Motion for Summary Judgment.

2. Pending at the Court is the Plaintiff's objection to the Motion for Summary Judgment which is yet to be acted upon by the US Magistrate, making it abundantly clear that the US Magistrate did not reject any of the Plaintiff's arguments in granting the Motion for Summary Judgment, contrary to the reasons upon which the US District Court denied the Plaintiff's Motion to Open and therefore the District Court's action in denying the Motion to Open was in grievous error.

3. Because the District Court affirmed the Magistrate's ruling without allowing the Magistrate to review the Motion for Reconsideration, even though the Plaintiff stated specifically that the Magistrate reviews the Motion and "set aside on voidness grounds the order dated December 5, 2003", the US Magistrate could not review the Plaintiff's arguments raised in the Motion for Reconsideration to determine whether or not the Judgment entered against the Plaintiff should be set aside as void.

The US Magistrate granted the Plaintiff's request that the Motion for Summary Judgment should not be filed until

    (i)    the defendant provides the Plaintiff with a copy of the alleged state law

    (ii)    the court issues a new scheduling order for filing the Motion for Summary Judgment. The US Magistrate, however granted the Defendant's Motion for Summary Judgment which was filed while

        a.    the defendant had not provided the Plaintiff with a copy of the alleged Statute

        b.    the US Magistrate had not issued any new scheduling order for filing the Motion for Summary Judgment.

As it would clearly be discovered the filing of Counsel's Motion for Summary Judgment was UNTIMELY, hence the Court did not have subject matter jurisdiction of the action to evaluate it and enter the ruling and therefore the Magistrate's ruling was VOID to warrant setting it aside accordingly.

Additionally, the Court's contradictory and inconsistent action was in violation of due process of law, hence the judgment was again, VOID.

4.    The Plaintiff declared he was deprived a due process of notice without which the Magistrate would not have allowed the filing of the Motion for Summary Judgment let alone the granting of the Motion.

The Plaintiff declared that he was afforded a chance top respond to the Court's action on his Motion for a stay because the notice was enclosed in the same envelope of the notice of the granting of the Motion for Summary Judgment.

Consequently the issues which should have been resolved before any filing of the Motion for Summary Judgment were not addressed to stress the point that the Motion for Summary Judgment should not have been filed while:

a. Counsel had not provided the Plaintiff with a copy of the alleged statute,

b. The Court had not issued a new scheduling order for filing the Motion for Summary Judgment and therefore the motion was premature and thus UNTIMELY depriving the Magistrate the subject matter jurisdiction.

As it would clearly be discovered had the Plaintiff had been deprived the due process of notice and been afforded an opportunity to present his objection to the US Magistrate's action on the Motion for a Stay, it would have been abundantly clear to the Magistrate that the Counsel's Motion for Summary Judgment was premature, UNTIMELY, intended to mislead the Court to defraud the Plaintiff of justice due him and with that the Magistrate would not have even allowed the filing of the Motion for Summary Judgment let alone the granting of the Motion for Summary Judgment.

The US Supreme Court set forth the due process requirements for notice in Mullane vs. Central Hanover Bank and Trust CO., 339 US 306, 70S CT 652, 94L ED. 865 (1950).

The Supreme Court declared: An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford then an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information.................... and it must afford a reasonable time for those interested to make their appearance

Id at 314, 70S ct at 657

The Plaintiff was not afforded an opportunity to present his objection to the action the court took on the Motion for a stay had the Plaintiff had a chance to present his objection, it would have been abundantly clear to the court that because:

a. counsel did not provide a copy of the alleged statute to the Plaintiff before she filed the motion

b. the Magistrate did not issue any new scheduling order, the motion was premature, untimely and therefore the court did not have the subject matter jurisdiction to review the motion let alone to grant it.

The judgment against the Plaintiff was therefore VOID and must be set aside accordingly.

Additionally, it would be discovered that contrary to the District Court's reason for denying the Plaintiff's Motion to open the above argument that the Plaintiff was deprived a due process of notice without which the Motion for Summary Judgment would not have been reviewed let alone been granted, was not rejected by the Magistrate in granting the Motion for Summary Judgment and therefore that argument was not an argument that the US Magistrate rejected in granting Summary Judgment.

In fact as the Plaintiff declared the notice of the Magistrate's action on the Motion for a stay and the notice of the granting of the Defendant's Motion for Summary Judgment were mailed to the Plaintiff at the same time in one envelope, confirming the fact that contrary to the District Court's reasons upon which the US District Court denied the Motion to open, the US Magistrate did not reject any of the arguments raised in the Motion to open in granting the Motion for Summary Judgment because those alleged arguments were in response to

(i)   the delay in mailing the notice of the Magistrate's action on the Motion for a stay without which as explained above, the Magistrate would not have allowed even the filing of the Motion of Summary Judgment to mislead the Magistrate to grant it, as it did occur

(ii)  the granting of the Motion for Summary Judgment

Hence the reasons upon which the US District Court denied the Motion to open were in grievous error.

The Plaintiff therefore prays the case would be open to allow justice to take its course and prevent the eminent manifest injustices which would otherwise be meted upon the pro se Plaintiff.

5. The US District Court overlooked the fact that the Magistrate changed the subject matter of the action and in the process made it possible to grant the Motion for Summary Judgment upon the argument that was provided with respect to the wrong subject matter of the action.

The Plaintiff instituted the action in question when the Defendant unreasonably refused to make any payment arrangements with the indigent Plaintiff to enable him to pay his back taxes.

The Magistrate correctly put forth the subject matter of the action at the front page of the recommended ruling as ff: "The Plaintiff alleges that the Defendant unreasonably denied his request for payment arrangements of the Plaintiff's outstanding property taxes"

In order to grant the Defendant's Motion for Summary Judgment, however, the Magistrate out of the blue changed the subject matter of the action as ff: "The Plaintiff alleges that the Defendants refusal to grant him a tax release violates his Constitutional Rights"

In order for the Defendant to refuse to grant the Plaintiff a tax release, the Plaintiff must have repeatedly applied for it.

The Plaintiff however never applied for a tax release for the Defendant to refuse to grant it.

For the US Magistrate to change the subject matter of the action to make it possible to grant the Defendants Motion for Summary Judgment upon arguments that were based upon subject matter that

was arbitrarily chosen by the US Magistrate, the US Magistrate violates the Plaintiff's right to a due process and grants the Motion for Summary Judgment violation of due process and equal protections of laws.

The Magistrate's alleged action as it would be discovered renders the whole recommended ruling VOID "A judgment is not void merely because it is erroneous, it is void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties or if the court acted in a manner inconsistent with due process of law" Please see 11c Wright & Miller, Federal Practice and Procedure Section 2862 at 198-200 (1978) and cases cited therein.

The Plaintiff prays the US District Court would protect the Plaintiff's right to a due process and equal protection of laws to prevent the Plaintiff from losing his action by a VOID judgment as alleged.

6. The US District overlooked the fact that the Magistrate's action deprives the indigent Plaintiff a chance under the Alleged Statute to seek waiver of the taxes against him before the Board of Aldermen, The Mayor or even the Court in violation of due process of law.

The US Magistrate entered the ruling against the Plaintiff without even allowing the indigent Plaintiff a chance before the Board of Aldermen, the Mayor of Waterbury or even the Magistrate to present his argument for the waiver of taxes against him as the alleged State Statute calls for and in the process not only deprived the Plaintiff of his action in violation of due process and equal protection of laws but also deprived the indigent Plaintiff of his right under the State law

which could be applied to waive the taxes against the Plaintiff but because the Plaintiff did not know anything about that statute until the Magistrate compelled the Defendant to provide the Plaintiff with a copy, he did not apply for the waiver of taxes against him per the provisions of the State statute Sec. 12-124.

The US District Court Judge overlooked the Magistrate's action whose effect is depriving the indigent Plaintiff his right under the State Statute for the waiver of taxes against him as alleged and as a result denied the Plaintiff's Motion to open upon a reason that "the Plaintiff merely restate arguments that the court rejected in granting Summary Judgment" when, as it would be discovered, that was not the case in any measure.

The Plaintiff prays that the case would be reopen to allow a resolution of issues, as the alleged, to prevent the eminent manifest injustices which would otherwise be meted upon the pro se Plaintiff.

7. The District Court has overlooked the Magistrate's wrongful decision application of the principle of comity which was made possible only after the Magistrate changed the subject matter of the Plaintiff's action

The Magistrate entered a ruling against the Plaintiff upon the alleged principle of comity stating that the Plaintiff challenges the State Tax administration.

The Plaintiff's action does not challenge any tax administration for the Plaintiff to suffer the consequences of a judgment that is based upon the Plaintiff's challenge to the State Tax administration.

The Plaintiff would not challenge the State Tax administration and at the same time seek the tax payment arrangements that would enable him to pay the back taxes without all the penalties and interest.

The Magistrate entered a judgment that was based upon the principle of comity only after the Magistrate changed the subject matter of the action, as alleged, depriving the Plaintiff the due process and equal protection of laws.

The US District Court overlooked the Magistrate's action which changed the subject matter of the Plaintiff's action without which the Magistrate could not have entered against the Plaintiff, a judgment that is based upon the principle of comity when that principle is not applicable to the Plaintiff's situation.

As it would again be discovered the Plaintiff's Motion to reopen does not "merely restate arguments that the court rejected in granting summary judgment".

## CONCLUSION

Based upon all the above it would be discovered that the Plaintiff's motion to open does not merely "restate argument that the court rejected in granting Summary Judgment" when

a. there was no oral argument before the Magistrate after which the Magistrate entered the judgment against the Plaintiff

b. on file is the Plaintiff's objection to the Motion for Summary Judgment which is yet to be acted upon by the US Magistrate

11

 c. the Magistrate changed the subject matter of the action and thereby entered a ruling that was not based upon the subject matter of the action but based upon a subject matter that was chosen arbitrarily, subjecting the Plaintiff to the adverse consequences of a VOID judgment.

The Plaintiff prays the case would be open to allow the US Magistrate to review the ruling with respect to the Plaintiff's papers that were filed against the recommended ruling and then make any necessary changes to the recommended to prevent the eminent manifest injustices which would otherwise be meted upon the pro se Plaintiff.

Respectfully submitted,
BEN GYADU
P O Box 4314
Waterbury, CT, 06704