The U.S. District Court,

450 Main Street

Hartford, CT O6103

Date: 14ᵀᴴ Jan, 2005

Doc.#: 3:00-CV-01564 (RNC)
BEN. GYABU Vs JAMES WALSH

MOTION FOR REVIEW/RE-CONSIDERATION OF
ORDER DATED THE 4ᵀᴴ JAN., 2005

    The pro se plaintiff moves

for a review of the Order dated the 4ᵀᴴ

Jan., 2005, so that the Court could Consider

the following:

        The plaintiff's clarifica-

tion to the effect that his Request to file

Page 2

a typed version of the Motion For Re-Consideration was not intended to re-submit the motion for re-consideration as the Court put forth but intended to supplement the record with a typed version of the Motion for Re-Consideration as the plaintiff states at the front page of the cover sheet dated the 3rd Dec., 2004

As it would be discovered, if plaintiff intended to re-submit the motion as the Court declares, then plaintiff intended to replace the handwritten motion with the typed motion. However, this was not the case in any measure, knowing very well that the

Page 3

motion would be declared out of time by
so doing .           The typed version was only

intended to assist the Court in reading

correctly anything the Court had or might

have problems in reading because of the

hand-writing

                    After the U.S. Magistrate

(i) ignored or dis-regarded the plaintiff's

Objection To Motion For Summary Judgement

which, as of date,    is still pending and

(ii)            changed the Subject Matter Of the
                       action
plaintiff's, and upon that ARBITRARY subject

matter granted the defendants Motion For Summary

Page 4

Judgement and thus entered a VOID judgement against the pro se plaintiff (iii) ignored or dis-regarded the fact that the Court did not have subject matter jurisdiction of the defendants Motion for Summary Judgement after the motion was untimely filed and therefore to assume jurisdiction of the motion and grant it only subjects the pro se plaintiff to gross deprivation of due Process and Equal Protection Of laws and thus, again, a VOID judgement and its resultant damages, the pro se plaintiff came to a conclusion that it is either that the U.S. Magistrate grossly mis-interpreted the

Page 5

action or it is just FUTILE for a pro se litigant, such as the plaintiff, to institute an action expecting justice when it is due

however,
The plaintiff realized that

for as long as it is only through the Courts that one can seek justice against the wrongs committed against him or her, he does not have any alternative but to seek the Courts in an effort to gain some relief against the wrongs committed against him, as futile as it is for him to seek the Courts for justice and therefore it is very CRITICAL that he types his pleadings to, at least, minimize the problems

Page 6

such as mis-interpretations, associated with

hand-written pleadings and bring about a better understa-
nding of issues involved.

Because the plaintiff does not

know how to type and does not have funds

for typing, however, he realized that as much as

he knows that it is very critical to type his

pleadings, he could not do it

Consequently when the plaintiff decided

he had to file a motion pursuant to Rule 60(b)

of the F.R.C.P. to set Aside the judgement as

VOID, the plaintiff could not type the motion

and therefore had to submit a handwritten motion,

Because the U.S. Magistrate was

Page 7

the Court that entered the alleged VOID judge-
ment and therefore the Court familiar with
the issues that led to the granting of
the Motion for Summary Judgement, the
plaintiff addressed the motion to the U.S.
Magistrate specifically.

The District Court or the upper
court, however, affirmed the alleged VOID
Judgement without allowing the U.S. Magistrate
to examine the plaintiff's Complaint
against the Magistrate's actions that led to
the granting of the Motion for Summary Judgement
                              untimely
The pro se plaintiff moved

Page 8

to Open the Case so that the U.S. Magistrate could examine the Complaint against the granting of the UNTIMELY Motion For Summary Judgement and Set It Aside accordingly to relieve the plaintiff of the adverse consequencies of granting the Untimely Motion For Summary Judgement

The upper Court or the U.S. District Court, again, ruled on this Motion To Open and Denied it to the undescribable shock and surprise of the plaintiff, stating:

"Plaintiff merely re-state arguments

Page 9

that the Court rejected in granting Summary judgement " when the alleged arguments DID NOT, in any way, come before the U.S. Magistrate before granting the Motion for Summary Judgement since the alleged arguments were against the Magistrate's actions that led to the granting of the UNTIMELY Motion for Summary Judgement, explaining, with supporting evidences, that the Motion for Summary Judgement should not have been filed let alone been evaluated to grant it and therefore the judgement is VOID and must be Set Aside accordingly.

Page 10

In fact pending to be acted upon is the
plaintiff's Objection To Motion For Summary
Judgement and for the fact that there was
no Oral argument before granting the
Motion For Summary Judgement, it would,
without any doubt, be discovered that the
U.S. Magistrate DID NOT reject any of the
alleged arguments " in granting Summary
Judgement" Contrary to the U.S. District
Court's reason for denying the Motion To Open.

After denying the Motion To Open
upon a reason that " Plaintiff merely

Page 11

re-state arguments that the Court rejected in granting summary judgement" when nothing of such exists, the plaintiff became desperate to have his pleadings typed to, at least, minimize problems, such as mis-interpretations, that could be a direct result of problems in reading the plaintiff's hand-writing, if it is not just futile for plaintiff to institute actions, expecting justice to be rendered when it is due.

Consequently when a friend offered to type the Motion For Re-Consideration, the

Page 12

plaintiff accepted it with great joy as he
thought filing the typed version of the
Motion For Re-Consideration to Supplement
the record would serve as a reference
to the hand-written motion to, at least,
minimize problems, such as mis-interpreta-
tions, that could occur due to difficulty
in reading the plaintiff's hand-writing.

It never dawned on the
plaintiff that his effort to make the reading
of his motion easier to minimize problems
associated with difficulty in reading another
person's hand-writing and bring about a
in so doing

Page 13

better understanding of his Motion For Re-Consideration, would rather cause further problems for him.

The pro se plaintiff made a "request to supplement the record with a typed version of the Motion For Re-Considera-tion" as stated at the front page of the Cover-Sheet.

If for any reason that request is inappropriate, the pro se, indigent plaintiff prays the U.S. District Court does not use that to deprive him a chance to Set Aside the GROSS VOID JUDGEMENT

Page 14

against him but would just deny the request without subjecting him to the stringent standard without which the motion would not have been denied as moot, contrary to the holdings of the U.S. Court Of Appeals, 2nd Circuit, and the U.S. Supreme Court

The 2ND Circuit holds:

Where a plaintiff proceeds pro se, the Court " read[s] his supporting papers liberally, and --- interpret[s] them to raise the strongest arguments that they suggest."

Soto Vs Walker, 44 F. 3d 169, 173 (2nd Cir. 1995)

Please see also:

Burgos Vs Hopkins, 14 F. 3d 787, 790 (2nd Cir. 94)

Page 15

The 2ND Circuit continued that in so doing, the Court holds the plaintiff to a pleading standard that is "less stringent . . . than formal pleadings drafted by lawyers." Haines Vs Kerner, 404 U.S. 519, 520 (1972) (per curiam)

As it would clearly be discovered the Courts action is contrary to the holdings of the 2ND Circuit and the Supreme Court of the United States

Consequently the District Courts action in denying the Motion For Re-Consideration as moot is in violation of the demands

Page 16

Of Due Process as put forth by the 2nd Circuit Court Of Appeals and the Supreme Court Of the United States

The pro se plaintiff therefore hopes the U.S. district Court would rescind the decision which denied the Motion For Re-Consideration as moot and evaluate the motion to open the Case and address the issues of the alleged VOID judgement so that the alleged VOID judgement, by which the U.S. Magistrate granted the UNTIMELY Motion for Summary Judgement, would be Set Aside accordingly to

Page 17

prevent the eminent MANIFEST Injustices
which would otherwise be meted upon
the pro se plaintiff

The U.S. Court Of Appeals, 2ND Circuit, has
declared that as much as Re-consideration
is rarely granted, it should be granted
under conditions as the following:
      " an intervening change in controlling
law, new evidence, or the need to
correct a clear error of law or a need
to prevent manifest injustice." Please, see
United States Vs Sanchez, 35 F. 3d 673, 677 (2ND Cir., '94)

Page 18

From the above it would be discovered
that the Motion For Re-Consideration Should
be granted because ;
                           (i) there exist an
evidence which supports or proves that
the U.S. Magistrate DID NOT have Subject
Matter Jurisdiction Of the Motion For Summary
Judgement to grant it since the motion
was UNTIMELY ; counsel was supposed to
provide plaintiff with a copy of the alleged
State Statute before filing the Motion For
Summary Judgement but DID NOT ; counsel
Should not have filed the Motion For Summary

Page 19

Judgement while the U.S. Magistrate was yet to issue a NEW Scheduling order for filing a Motion For Summary Judgement; please, see Motion To Compel which was granted by the U.S. Magistrate

(iii) there exist a need to correct the District Courts holding that the plaintiff re-submitted the Motion For Re-Consideration when all what the plaintiff intended to do was "to supplement the record with a typed version of the Motion For Re-Consideration dated the 17th Nov., 2004" as stated at the front page of the cover letter

Page 20

(iii) there exist a need to prevent the eminent

Manifest Injustices which would otherwise

be meted upon the Indigent, pro se plaintiff

especially in the situation where the plaintiff

would be deprived his action by a VOID

judgement and would not even have a chance

to present his eligibility under the State Law

(iv) there exist a need to set Aside the U.S.

Magistrate's holding by which the Magistrate

changed the Subject Matter of the plaintiff's

action and in the process entered a judgement

that was based upon that ARBITRARY

Subject Matter of the plaintiff's action

Page 21

B.    Enclosed are copies of (a) the Cover sheet to Show that the typed version was not intended to re-submit the Motion For Re-Consideration as the U.S. District Court pulls forth but intended to supplement the record so that it would serve for a reference of the hand-written motion in case there is any problem or there was any problem in reading the plaintiff's hand-writing (b) the Motion To Compel to Show that the U.S. Magistrate granted an UNTIMELY Motion For Summary Judgement and thus the U.S. Magistrate granted a motion which the Magistrate DID NOT have jurisdiction over and in the process

Page 22

entered a VOID judgement against the
plaintiff.

Plaintiff has also enclosed a
copy of back of the envelope that contained
the notice to show that the order dated
the 4th Jan, 2005, was not mailed to
plaintiff until 7days later on the 11th Jan, '05.


CONCLUSION

Based upon all the above, the Indigent,
pro se plaintiff prays this motion would
receive a favourable consideration so
that the case would be Open to Correct

Page 23

the alleged wrongs of the Magistrate's actions
which subject the pro se plaintiff to a
VOID judgement and its Consequential damages
or the VOID judgement would be Set Aside
accordingly to prevent the eminent
MANIFEST Injustices which would otherwise
be meted upon the plaintiff.

Respectfully Submitted.

BEN. GYAGU

P.O. BOX 4314

Waterbury, CT 06704

CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the Corporation Counsel, 236 Grand Street, Waterbury, CT 06702

Sincerely,

BEN. GYASU,

P.O. BOX 4314,

Waterbury, CT 06704

COPY OF DATE STAMP showing
Notice Was Not Mailed Until 7 Days Later
On The 11th Jan, 2005.